IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION NO. 06-710 |
| v. | : | CIVIL ACTION NOs. 08-1532 & 07-3533 |
| CHRISTOPHER YOUNG | : | |

M E M O R A N D U M

EDUARDO C. ROBRENO, J. MAY 15, 2012

Christopher Young ("Petitioner") is a federal prisoner incarcerated at the Federal Correctional Institution Elkton in Lisbon, Ohio. Before being sentenced, Petitioner filed two separate pro se motions for habeas corpus asserting that this Court lacked subject-matter jurisdiction over his case. For the reasons set forth below, the Court will deny Petitioner's § 2241 motion and dismiss without prejudice. The Court will also advise Petitioner that his second habeas petition will be construed as a § 2255 petition, unless he notifies the Court of a different choice.

## I. BACKGROUND

Petitioner, along with three other co-conspirators, was charged with robbing a Wal-Mart of $334,763.00 in the early morning hours following Black Friday in 2006. Indictment, United

States v. Christopher Young, No. 06-710-02 (E.D. Pa. Dec. 14, 2006), Crim. ECF No. 1.[1] At his arraignment on December 20, 2006, Petitioner pled not guilty to all charges. Subsequently, however, on March 7, 2007, Petitioner changed his plea to guilty on all counts, pursuant to a plea agreement with the Government.[2] Crim. ECF Nos. 66, 67.

Before being sentenced, on July 2, 2007, Petitioner filed a pro se motion to dismiss the indictment based on four arguments: (1) that the Court lacked personal jurisdiction over Petitioner because Petitioner is a sovereign citizen of the state of Pennsylvania; (2) that the Court lacked subject-matter jurisdiction because Petitioner's crime did not have a nexus with interstate commerce, as required by the Hobbs Act, 18 U.S.C. § 1951(a); (3) that the Court lacked subject-matter jurisdiction because 18 U.S.C. § 1951(a) and § 924(c) do not apply to independent sovereign states and; (4) that the Court lacked subject-matter jurisdiction because the federal government cannot abrogate a state's sovereign immunity. Crim. ECF No. 89. Petitioner subsequently filed a pro se motion to

---

1 Citations to the Petitioner's underlying criminal case will be indicted by adding "Crim." before the ECF No.

2 Petitioner pled guilty to three counts: Hobbs Act robbery and conspiracy in violation of 18 U.S.C. § 1951(a), as well as using or carrying a firearm during or in relation to a crime of violence and aiding and abetting in violation of 18 U.S.C. §§ 924(c)(1) and 2.

withdraw his guilty plea on November 19, 2007.[3] Crim. ECF No. 156. The Court denied Petitioner's motion to withdraw his guilty plea and declined to consider several of Petitioner's pro se motions, including his motion to dismiss the indictment, because as Petitioner had counsel at the time, he was not entitled to "hybrid representation." See Memorandum 9-10, Jan. 17, 2008, Crim. ECF No. 171. In a footnote, the Court noted that even if it had considered Petitioner's motion to dismiss the indictment, the motion was procedurally improper and failed on the merits because Petitioner's crime did have the necessary nexus with interstate commerce. Id. at 10 n.8.

On August 27, 2007, Petitioner filed a habeas corpus petition pursuant to 28 U.S.C. § 2241.[4] See Habeas Petition, Civ. No. 07-3533, ECF No. 1. Petitioner noted that he had filed a motion to dismiss the indictment in his criminal case, but had

---

[3] The docket contains, and the Court considered, three versions of Petitioner's motion to withdraw his guilty plea. See Crim. ECF Nos. 156, 163, 167. After Petitioner filed his pro se motion to withdraw, Petitioner filed a counseled motion to withdraw his plea pursuant to a Court order. Crim. ECF. No. 163. Later, dissatisfied with his counseled motion, Petitioner again filed a pro se motion to withdraw his plea. Crim. ECF No. 167. At the hearing on the motions to withdraw the guilty plea, Petitioner's counsel adopted the arguments made in Petitioner's pro se motions. Therefore, the Court considered all three motions filed by Petitioner (two pro se and one counseled).

[4] Petitioner titled his habeas petition "Movant is Challenging this Indictment Under 2241 Habeas Corpus For Lack of Person Jurisdiction, Subject-Matter Jurisdiction and Memorandum of Law." See Habeas Petition 6, Civ. No. 07-3533.

"never received anything from [sic] District Court stating the disposition of said motion." Habeas Petition 1. He raises the same arguments in his habeas petition as those raised in his pro se motion to dismiss in his criminal case. Id. at 6-60.

Petitioner subsequently filed a second habeas petition on March 31, 2008, entitled "Verified Petition for Writ of Habeas Corpus Ad Subjiciendum the 'Great Writ.'" Habeas Petition, Civ. No. 08-1532, ECF No. 1 [hereinafter Second Habeas]. On May 8, 2008, the Court ordered the Respondents to respond to this petition, which they did on June 6, 2008. ECF Nos. 3, 4 & 5.

Petitioner filed both of his habeas motions while he was awaiting sentencing in his criminal case. On August 27, 2008, Petitioner was sentenced to 196 months on Counts One and Two and 84 months on Count Three to run consecutively to Counts One and Two. Judgment, Crim. ECF No. 213. Petitioner appealed his sentence on September 2, 2008, and the Third Circuit affirmed the judgment of this Court on November 8, 2011. Crim. ECF Nos. 215, 239, 240, & 241.

## II. LEGAL STANDARD

Federal prisoners challenging their conviction or sentence generally must seek post-conviction relief under 28

U.S.C. § 2255. See 28 U.S.C. § 2255(a) (Supp. IV 2011).[5] In a § 2255 motion, a federal prisoner may attack his sentence on any of the following grounds: (1) the judgment was rendered without jurisdiction; (2) the sentence imposed was not authorized by law or otherwise open to collateral attack; or (3) there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack. See id. § 2255(b).

Section 2241 confers jurisdiction on district courts to issue writs of habeas corpus in response to a petition from a state or federal prisoner who "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2241(a) and (c)(3). Congress restricted the exercise of § 2241 jurisdiction by enacting 28 U.S.C. § 2255, such that federal prisoners seeking to challenge the legality of their convictions or sentences must proceed by way of motion pursuant to 28 U.S.C. § 2255. See generally United States v. Hayman, 342 U.S. 205, 210-19 (1952) (detailing the history and purpose of § 2255); In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997). A challenge to the execution of a sentence as opposed to the

[5] A prisoner's pro se pleading is construed liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam); Huertas v. Galaxy Asset Mgmt., 641 F.3d 28, 32 (3d Cir. 2011).

imposition of a sentence is properly filed pursuant to 28 U.S.C. § 2241. Coady v. Vaughn, 251 F.3d 480, 485 (3d Cir. 2001).

However, § 2255 explicitly recognizes an important exception to the general rule that a federal prisoner must use § 2255 instead of § 2241 when challenging the legality of a conviction or sentence. Specifically, § 2255 provides:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e) (emphasis added). "A § 2255 motion is inadequate or ineffective only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication on his wrongful detention claim." Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam) (citations omitted). Such circumstances exist where a petitioner is in the unusual position of having "no prior opportunity to challenge his conviction for a crime that an intervening change in substantive law could negate with retroactive application." Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002) (citation omitted).

## III. DISCUSSION

Because Petitioner seeks immediate relief from confinement and fails to establish that his remedy under § 2255 is inadequate or ineffective to test the legality of his continued detention, this Court will deny and dismiss Petitioner's § 2241 petition without prejudice and provide Petitioner an opportunity to reassert his claims in a § 2255 petition. Furthermore, with respect to Petitioner's second habeas petition, while the Court may construe his petition as a pro se motion to vacate, set aside or correct a sentence under 28 U.S.C. § 2255, it must first advise Petitioner of its intention to do so. Therefore, the Court will deny Petitioner's motion pursuant to § 2241 petition without prejudice and notify Petitioner that his second petition will be decided as filed, unless he chooses to amend or withdraw the petition.

Petitioner's claims in both his § 2241 petition and second habeas petition, which generally assert that this Court lacked jurisdiction to convict or sentence Petitioner, fall within the purview of § 2255.[6] In regards to Petitioner's § 2241

---

[6] In order to obtain habeas relief under §§ 2241(c)(3) or 2255(a), the prisoner must demonstrate that he is "in custody." See Lehman v. Lycoming Cnty. Children's Servs. Agency, 458 U.S. 502, 510 (1982); Jones v. Cunningham, 371 U.S. 236, 239-43 (1963). The petitioner must be in custody at the time the petition is filed in federal court, otherwise the district court lacks jurisdiction over the petition. Spencer v. Kemna, 523 U.S. 1, 7 (1998). Incarceration pursuant to the conviction challenged

petition, Petitioner does not challenge the execution of his sentence but attacks the validity of his conviction and subsequent sentence through arguing that his conviction was rendered without jurisdiction. Petitioner makes no allegation that the remedy provided by § 2255 is "inadequate or ineffective to test the legality of his detention," so as to allow him to proceed under § 2241.[7] 28 U.S.C. § 2255 (e). As Petitioner's claims could be presented in a § 2255 motion, the Court will

---

in the petition satisfies the custody requirement. Withrow v. Williams, 507 U.S. 680, 715-16 (1993). Here, Petitioner satisfies the custody requirement because even though he filed both of his petitions before being sentenced, he was detained pending execution of his sentence and was subsequently sentenced pursuant to his guilty plea on August 28, 2008. To the extent Petitioner was challenging his detention pending sentencing under § 2241, this issue became moot once he was sentenced.

[7] Proceedings under § 2241 are available where the record indicates the prisoner "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate," and where the government concedes that the change in law "should be applied retroactively." In re Dorsainvil, 119 F.3d at 251. This safety valve provided in § 2255 has been held to apply to situations in which a prisoner had no prior opportunity to challenge his conviction for a crime later deemed to be non-criminal because of an intervening change in the law. See Okereke, 307 F.3d at 120 (citing In re Dorsainvil, 119 F.3d at 251). Here, Petitioner makes no allegation that he is actually innocent of the crimes for which he was convicted. Thus, the exception identified in In re Dorsainvil is inapplicable and Petitioner may not seek relief under § 2241.

dismiss Petitioner's petition without prejudice[8] to allow Petitioner to reassert his claim in a § 2255 motion.[9]

As for Petitioner's second writ for habeas corpus, entitled "Verified Petition for Writ of Habeas Corpus Ad Subjiciendum the 'Great Writ,'" the Court will provide Petitioner notice that it intends to construe his claims as a pro se motion under 28 U.S.C. § 2255. Second Habeas 1, Civ. No. 08-1532; see United States v. Miller, 197 F.3d 644, 648 (3d Cir. 1999) ("'[F]ederal courts have long recognized that they have an obligation to look behind the label of a motion filed by a pro se inmate and determine whether the motion is, in effect,

---

[8] A certificate of appealability is not necessary for writs pursuant to § 2241. See 28 U.S.C. § 2253(c); Daley v. Federal Bureau of Prisons, 192 Fed. App'x 106, 108 (3d Cir. 2006) (per curiam); Padilla v. United States, 416 F.3d 424, 425 (5th Cir. 2005).

[9] The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitations period for § 2255 motions. 28 U.S.C. § 2255(f) (Supp. IV 2011). That period generally runs from "the date on which the judgment of conviction becomes final." Id. § 2255(f)(1).

Petitioner's judgment became final on February 6, 2012, when his time to petition for a writ of certiorari for review of the Third Circuit's judgment expired. See Clay v. United States, 537 U.S. 522, 525 (2003) ("[A] judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction."); U.S. Sup. Ct. R. 13(1) (providing ninety-day period to file petition for writ of certiorari to review appellate court judgment). Petitioner has until February 6, 2013, to file a § 2255 motion.

cognizable under a different remedial statutory framework.'" (citing United States v. Jordan, 915 F.2d 622, 624-25 (11th Cir. 1990))). While the motion is not titled as a motion under § 2255, the facts that the relief that Petitioner is seeking is "immediate release and discharge," Second Habeas 5, and that Petitioner is attacking the validity of his conviction pursuant to his guilty plea, allow the motion to be properly construed under § 2255.[10] See Okereke, 307 F.3d at 120 ("Motions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution."). However, following the enactment of AEDPA, district courts must apprise petitioners of the consequences of their petitions before the district court can make a § 2255 recharacterization. Specifically, a district court must issue a notice to the Petitioner regarding the effect of his pleadings and:

> [t]his notice should advise the petitioner that he can (1) have his motion ruled upon as filed; (2) if his

[10] Section 2255 itself states that, "A prisoner in custody under sentence of a court established by Act of Congress" may apply for relief. As Petitioner filed his second habeas petition several months before being sentenced, his petition as filed would not have met the first requisite of § 2255, that is, that he was under a sentence of a court. However, as Petitioner was subsequently sentenced and he is challenging his conviction underlying that sentence due to this Court's alleged lack of jurisdiction, the Court will allow his second habeas petition to be properly construed as a § 2255.

> motion is not styled as a § 2255 motion have his motion recharacterized as a § 2255 motion and heard as such, but lose his ability to file successive petitions absent certification by the court of appeals; or (3) withdraw the motion, and file one all-inclusive § 2255 petition within the one-year statutory period. Presumably, the District Court will provide in its notice a time frame for the response.

Miller, 197 F.3d at 652. Therefore, before recharacterizing Petitioner's petition under § 2255 the Court must give Petitioner notice of the above consequences and options.

## IV. CONCLUSION

For the reasons provided, this Court will deny and dismiss Petitioner's § 2241 petition without prejudice and allow Petitioner to reassert his claims in a § 2255 petition. Furthermore, with respect to Petitioner's second habeas petition, the Court will give Petitioner notice of its intention to construe his petition as one pursuant to § 2255. An appropriate notice and orders will follow.